UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-81382-CIV-ALTMAN

**YUJING ZHANG**,

    *Petitioner*,

v.

**UNITED STATES OF AMERICA**,

    *Respondent*.

_____/

## ORDER

Yujing Zhang—a detainee at Glades County Detention Center who suggests that she's being detained by U.S. Immigration and Customs Enforcement ("ICE")—has filed two letters. *See* First Letter [ECF No. 1]; Second Letter [ECF No. 3]. In the First Letter, Zhang asks for (1) the appointment of "a judge or council [sic]" and (2) access to a "dorm phone" so that she can understand the basis for her custody. *See* First Letter. In the Second Letter, Zhang asks this Court to release her from the Glades County Jail because, she says, ICE has no authority to detain her at Glades County Detention Center. *See* Second Letter ("[A]lthough I explained to Glades county Jail officer that I should get out of the jail, but some of them think I'm custody by ICE . . . . While Glade's ICE's opinion is that I could be custody by them because of some false material they got While I challenge ICE's legality to custody me." (errors in original)).

"Federal courts must 'look behind the label' of an inmate's *pro se* motion and determine whether there is any framework under which [their] claim might be cognizable." *United States v. Nickson*, 521 F. App'x 867, 868 (11th Cir. 2013) (cleaned up). It's unclear to us whether Zhang's letters should be construed as a habeas action under 28 U.S.C. § 2241, an action under 42 U.S.C. § 1983, or an action under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Regardless of how we construe Zhang's

letters, though, they do not "substantially follow" the prescribed forms and are not "signed under penalty of perjury," as required by our Local Rules. *See* S.D. FLA. LOC. R. 88.2(a). Zhang's case is therefore subject to dismissal on this basis alone.

More importantly, and for two reasons, we won't ask Zhang to amend on the proper form. *First*, to the extent we construe the letters as a § 2241 habeas petition—the most plausible interpretation—we would have no jurisdiction over that petition. That's because Zhang is confined outside this District. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."); *Garcia v. Warden*, 470 F. App'x 735, 736 (11th Cir. 2012) ("[J]urisdiction for § 2241 petitions lies only in the district of confinement."); *see also* 28 U.S.C. § 89(b) (showing that Glades County, Florida, is in the Middle District of Florida).

*Second*, even if we were to interpret Zhang's filings as advancing claims under § 1983 or *Bivens*, our Court wouldn't be the proper venue for Zhang's case. Under 28 U.S.C. § 1391(b), a civil action may be brought in (1) "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located," or (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." Neither of these conditions are satisfied here. *One*, Zhang has named *no* defendant and (thus) *no* defendant resides in this District.[1] *Two*, all the events giving rise to Zhang's action appear to have taken place in the Glades County Detention Center, which (again) lies *outside* this District. As a result, this isn't the proper forum for Zhang's suit.

---

[1] In any event, given that the events she's challenging all occurred outside this District, it's extremely unlikely that any defendant *would* reside in this District—even had any been named.

In short, since Zhang's letters do not comport with our procedural rules, and because Zhang has filed her action in the wrong District, this action must be **DISMISSED**. Of course, the Court will dismiss this action *without prejudice*, meaning that Zhang may re-file her action in the appropriate forum: the Middle District of Florida.

*** 

Having carefully reviewed Zhang's letters, the record, and the governing law, the Court hereby **ORDERS and ADJUDGES** that this case is **DISMISSED**. The Clerk of Court shall **CLOSE** this case. Any pending motions are **DENIED** as moot. All deadlines and hearings are **TERMINATED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 25th day of August 2021.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   Yujing Zhang, *pro se*
      counsel of record